### R. G. Campbell vs. W. H. McKnight and Sheriff. John Chaffe & Sons, Intervenors.

Mayo, J. Attorneys-at-law have no authority to sell the judgment of their clients; .the power to sell must be special, and where a third party pays to attorneys the amount of a judgment and they assign the judgment to him, without the knowledge of their client, the purchaser will get no title. The receipt of the money by the judgment creditor does not ratify the sale.

2. Estoppel, like payment, novation and other special defences, must be specially pleaded; 30 An. 409; 33 An. 747; but where the facts supposed to constitute an estoppel are set up in the answer, and evidence to prove them received without objection, it must be considered and effect given to it. 16 An. 237; 4 An. 193; 5 An. 184; 9 An. 225; 17 An. 37.

3. An estoppel is where one is concluded by his own act, whereby another has been misled or imposed upon and induced to act or alter his position, so that he will suffer or may justly apprehend injury, if the party be allowed to deny what he has done or asserted; but misrepresentations as to what the law is estop no one, because every person is presumed to know what the law is. Herman on Estoppel, pp. 7, 339; 30 An. 50.

4. Where intervenors, at the request of plaintiff, but without false or fraudulent representations on his part, pay a judgment against him and take a transfer from the attorneys, who have no authority to sell, the sale will be an absolute nullity and the judgment will be extinguished by payment; plaintiff will not be estopped from setting this up by the fact that the payment was made on his solicitation, and that he was present when the transfer was made.

---

### Joseph Craig vs. P. Jones Yorke.

Gunby, J. The dissolution of a sequestration does not affect the main demand and, therefore, plaintiff's proceeding with the trial of the main action does not ratify or acquiesce in the dissolution of the incidental demand. There is no reason why plaintiff should not proceed with the trial of his case on the merits in the lower court, pending an appeal to this Court from an interlocutory order dissolving his sequestration.

2. An attorney-at-law has authority to sign his client's name to bonds for attachment, sequestration, etc.; he is the agent of his client, authorized to take all legal steps he deems wise and necessary for the collection of the debt. 6 An. 704, 706; 10 An. 350; C. P. 237, 245. The words "attorney in fact," in C. P. 245, mean "attorney-at-law;" otherwise, the use in that Article of the synonymous words "agent" and "attorney in fact," is a vain repetition.